[Civ. No. 2934.  Second Appellate District, Division Two.—September 30, 1919.]

CHESTER A. BELL, Respondent, v. GERMAN AMERICAN TRUST & SAVINGS BANK (a Corporation), Appellant.

[1] EVIDENCE—JUDGMENT-ROLL IN PRIOR ACTION—PROOF OF OWNERSHIP OF NOTE.—In an action by the owner of a promissory note against a bank to recover the amount of the note, which had been deposited with such bank for collection, which amount the bank had paid to the payee named therein instead of to the plaintiff, the judgment-roll in a prior action by plaintiff against such payee and the bank, brought after the delivery of such note to the bank for collection and the payment of the proceeds to the nominal payee, and in which it was determined that plaintiff was the owner of such note, while not competent evidence to show that the bank had notice of plaintiff's beneficial interest in such note at the time it received the note, made the collections, and paid over the proceeds, was competent evidence, and a determination of the fact, that plaintiff was the owner thereof.

[2] BANKS AND BANKING—DELIVERY OF NOTE FOR COLLECTION—NOTICE OF OWNERSHIP—PAYMENT TO NOMINAL PAYEE—LIABILITY.—Where such bank at all times had actual notice of plaintiff's possession and claim of ownership of the note and that he was depositing it for collection on his own account and for his own benefit, although it was not indorsed by the payee named therein, it acted at its peril in accounting for the collections to such nominal payee, without notice to plaintiff. Such failure of the bank to account to plaintiff for the collections made could only be justified by a showing that plaintiff was not entitled to the money.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Emmet H. Wilson for Respondent.

SLOANE, J.—This appeal is by the defendant from a money judgment against it for $2,655.76 and costs. The facts, briefly stated, as found by the court, as shown by the evidence, and as substantially conceded by appellant in its opening brief, are as follows:

The plaintiff, by his attorney, left with the defendant bank for collection a promissory note executed by one F. W. Carlisle and payable to Mary A. Bell. The collection clerk of the bank, who received the note, was informed at the time that while the note was by its terms payable to Mary A. Bell, who is a sister of plaintiff, it was actually the property of the plaintiff and respondent, Chester A. Bell; and that when the money on the note was collected the same was to be deposited to the account of said Chester A. Bell. On receiving the note, the representative of the bank stated that it would be necessary to have the payee named in the note sign some paper of authorization, and the bank, by its agent, thereupon undertook to write to said Mary A. Bell. There was considerable correspondence and delay before the bank heard from her; and when she did communicate with the bank, she demanded that the money on the note, when collected, be sent to her in New York. Without notifying the respondent or his attorney that Mary A. Bell claimed the beneficial interest in the proceeds of the note, and repudiated respondent's claim of ownership, the bank collected the amount covered by the judgment and paid it to Mary A. Bell.

The liability of the bank in this action depends upon two conditions: First, the beneficial ownership of the note in question by the plaintiff; and, second, notice to the bank at the time it accepted the note for collection from plaintiff's attorney, or at least before it parted with the money collected, that the plaintiff claimed such ownership.

[1] That the plaintiff owned the note, and that it was made payable to his sister, Mary A. Bell, as his trustee only, was established by testimony of plaintiff and his attorney on the trial, as well as by the judgment-roll (admitted in evidence) in the case of *Bell* v. *Bell*—an action brought by the plaintiff here against his sister and the defendant bank to determine the ownership of the note and of the moneys collected thereon. The judgment in that action decreed that the respondent here owned the note, that Mary A. Bell was merely named as a trustee, and that the defendant bank surrender the note to plaintiff. It appears that at the time the suit was commenced the bank had already collected this money and paid it over to Mary A. Bell. The record, therefore, was not competent evidence to show that the bank, at the time it received the note, made the collections and paid over the proceeds, had notice that the plaintiff, Chester A. Bell, claimed the beneficial interest in the note and collections; but it was competent evidence, and a determination of the fact, that the plaintiff was the owner of the note, and that is all the record seems to have been received in evidence for.

[2] That the bank at all times had actual notice, as found by the trial court in this case, of plaintiff's possession and claim of ownership, and that he was depositing the note for collection on his own account and for his own benefit, we think is clear from the direct testimony, as well as from evidence contained in some of the bank's correspondence relating to the matter. Receiving the note under these conditions from the plaintiff, the bank, in accounting for the collections to the nominal payee, without notice to plaintiff, acted at its peril. It may have concluded and believed that Mary A. Bell, the person named as payee, was entitled to the proceeds of the note, but there is no justification in the evidence for the contention that the plaintiff, or his agent, misled the bank, either by act or omission, or failed to disclose that the note was being deposited in plaintiff's behalf. The failure of the bank to account to plaintiff for the collections made could only be justified by a showing that plaintiff was not entitled to the money.

Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.